UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN-NELSON JAMAR WALKER,<br><br>Defendant. | NO: 2:25-CR-0127-TOR<br><br>PROTECTIVE ORDER |

The United States of America, having applied to this Court for a Protective Order regulating disclosure of the discovery materials and the sensitive information contained therein to defense counsel in connection with the United States' discovery obligations, and the Court finding good cause therefore, **IT IS HEREBY ORDERED:**

1. The United States' Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information is GRANTED.

PROTECTIVE ORDER~ 1

2. The United States is authorized to disclose the discovery including sensitive information and materials (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

3. Government personnel and counsel for John-Nelson Jamar Walker ("Defendant"), shall not provide, or make available, the sensitive information in the Discovery to any person except as specified in the Order or by approval from this Court. Counsel for Defendant and the Government shall restrict access to the Discovery, and shall only disclose the sensitive information in the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

4. Counsel for the Government and Defendant shall ensure that any alleged victim involved in this case be referred to only by their initials during any pre-trial, trial, and/or post-trial proceedings, that all court filings containing discovery material are either filed under seal, or redacted to ensure that any and all sensitive information, including any victim's name, is prevented from public view, and that no one working for, or on behalf of, Defendant or the Government disseminates in

PROTECTIVE ORDER~ 2

any manner the name or identity of any alleged victim, except by the victim's initials.

5. Defendant is permitted to review the unredacted non-contraband discovery in the presence of defense counsel or a defense investigator, but shall not keep any discovery in his own possession outside the presence of defense counsel or a defense investigator. Defense counsel and defense investigators will not permit Defendant to keep, copy, or record the identities or personal identifying information, including but not limited to name, date of birth, social security number, phone number, address, and email address, of any victim identified in discovery in this case.

6. Third parties contracted by the United States or counsel for Defendant to provide expert analysis or testimony may possess and inspect the sensitive information in the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

7. Discovery in this matter will be available to defense counsel via access to a case file on USA File Exchange. Counsel for Defense may download Discovery from USA File Exchange and shall exercise reasonable care in ensuring the security and confidentiality of the Discovery by electronically storing the Discovery on a password-protected or encrypted storage medium, including a

PROTECTIVE ORDER~ 3

1  password-protected computer, or device. If Discovery is printed, Counsel must also
2  exercise reasonable care in ensuring the security and confidentiality of the
3  Discovery by storing copies in a secure place, such as a locked office, or otherwise
4  secure facility where visitors are not left unescorted.
5    8. All counsel of record in this matter, including counsel for the United
6  States, shall ensure that any party, including the Defendant, that obtains access to
7  the Discovery is advised of this Order and that all information must be held in
8  strict confidence and that the recipient may not further disclose or disseminate the
9  information. Any other party that obtains access to, or possession of, the Discovery
10 containing discovery information once the other party no longer requires access to
11 or possession of such Discovery shall promptly destroy or return the Discovery
12 once access to Discovery is no longer necessary. No other party that obtains access
13 to or possession of the Discovery containing sensitive information shall retain such
14 access to or possession of the Discovery containing sensitive information unless
15 authorized by this Order, nor further disseminate such Discovery expect as
16 authorized by this Order or the further Order of this court. For purposes of this
17 Order, "other party" is any person other than appointed counsel for the United
18 States or counsel for Defendant.
19   9. All counsel of record, including counsel for the United States, shall keep a
20 list of the identity of each person to whom the Discovery containing sensitive

PROTECTIVE ORDER~ 4

information is disclosed. Neither counsel for Defendant nor counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

10. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendant shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

11. Government personnel and counsel for Defendant shall promptly report to the Court any known violations of this Order.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** October 30, 2025.



THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER~ 5